IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C.A. NO. H – 17 – 982 ADMIRALTY |
| SK SHIPPING CO., LTD., *et al*. | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendants, SK Shipping Co., Ltd. ("SKS"), Gulf Stream Marine, Inc. ("GSM") and Dix–Fairway Terminals LLC ("DFT") and, for causes of action, respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan. At all times material, Plaintiff insured Toyota Tsusho Corporation and/or the cargo. Plaintiff paid Toyota Tsusho Corporation's consignee, Toyota Tsusho America, Inc. ("Toyota"), for the loss of the cargo under an insurance policy and/or is

contractually and/or equitably subrogated to Toyota's interest in the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. On information and belief and at all times material, SKS owned, chartered, managed and/or operated the M/V CANARY K as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City, Vietnam, Corpus Christi, Texas and Houston, Texas. On information and belief, SKS is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, SKS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although SKS may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, SKS has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over SKS is consistent with the Constitutions and other laws of the United

States and Texas.  Accordingly, serving SKS with a summons is effective to establish personal jurisdiction over it.  SKS can be served by serving the Texas Secretary of State.  Process or notice can be sent to SKS at its home office at 26, Jong–ro, Jongno–gu, Seoul, 03188, Republic of Korea.

4. At all times material, GSM was a Texas corporation engaged in the business of handling and storing marine cargos, and loading and discharging cargo to and from vessels at the Ports of Corpus Christi and Houston.  GSM can be served by its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. On information and belief and at all times material, DFT was a Texas corporation engaged in the business of handling and storing maritime cargos and/or carrying maritime cargos over the road in interstate and/or intrastate commerce in, to and from places in Texas.  DFT can be served by its registered agent, D. A. Ostos, at 5729 Leopard, Building No. 5, Corpus Christi, Texas 78408.

6. On or about March 27, 2015, Toyota's shipper tendered in good order and condition to SKS at Ho Chi Minh City a cargo of ERW line pipes.  SKS had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Corpus Christi the cargo in the same good order and condition as when received, in consideration of paid freight charges.  SKS acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Ho Chi Minh City various bills of lading, including Bills of Lading Nos. SKSMHMCP00001000 through 7000, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V CANARY K.

7.     On or about June 11, 2015, the M/V CANARY K arrived at Corpus Christi where SKS and GSM later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, stained, scratched, short, slack, missing, never delivered and/or otherwise physically damaged or lost. The loss and Plaintiff's resulting damages proximately resulted from SKS's and GSM's respective acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire and/or failure to perform services in a workmanlike manner.

8.     Alternatively, SKS and/or GSM tendered the cargo in good order and condition to DFT at the Port of Corpus Christi and DFT agreed safely to handle, receive, load, stow, secure, carry, unload, store and deliver to Toyota or its consignee at Corpus Christi the cargo in the same good order and condition as when received, in consideration of paid charges. DFT acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various bills of lading or waybills free of exceptions or other notations for damage or other loss.

9.     When DFT later tendered the cargo to Toyota or its consignee, the cargo no longer was in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, stained,

scratched, short, slack, missing, never delivered and/or otherwise physically damaged or lost. The loss and Plaintiff's resulting damages proximately resulted from DFT's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee and/or common carrier of goods by road for hire.

10. Plaintiff proximately has sustained damages exceeding $82,929.94 plus interest dating from March 27, 2015, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that this Honorable Court adjudge that Defendants, SK Shipping Co., Ltd., Gulf Stream Marine, Inc. and Dix–Fairway Terminals LLC, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By _____
        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        5535 Memorial Drive, Suite F570
        Houston, Texas 77007
        Telephone:   (713) 864–2221
        Facsimile:    (713) 864–2228
        Email:   macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                                      ATTORNEYS   FOR   PLAINTIFF